# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

EXODUS VISION, LLC,

                          **Plaintiff,**

      **v.**                                **1:16-cv-1795-WSD**

TOUCHMARK NATIONAL BANK,

                          **Defendant.**

## OPINION AND ORDER

On June 2, 2016, Plaintiff Exodus Vision, LLC ("Plaintiff") filed its Complaint [1] against Defendant Touchmark National Bank ("Defendant").

Plaintiff asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Compl. ¶ 4).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this

case, the Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

A limited liability company ("LLC"), unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company."  Id.

Plaintiff's Complaint does not adequately allege the citizenship of Plaintiff Exodus Vision, LLC, because it fails to identify the members of the LLC and the citizenship of each member.  See id.  The Complaint alleges that "Plaintiff is a Nevada limited liability company," which is insufficient.  (Compl. ¶ 1).

Plaintiff is required to file an amended complaint properly alleging Plaintiff's citizenship.  Unless Plaintiff does so, the Court must dismiss this action for lack of subject matter jurisdiction.  See Travaglio v. Am. Express. Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before June 30, 2016, an amended complaint properly alleging Plaintiff's citizenship.

**SO ORDERED** this 13th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE